**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **VERONICA COLEMAN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **vs.** | ] | **Case No:** |
| | ] | |
| **SUMNER COUNTY BOARD OF EDUCATION,** | ] | **JURY DEMAND** |
| | ] | |
| | ] | |
| **Defendants.** | ] | |

## COMPLAINT

Comes now the Plaintiff, Veronica Coleman, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*., the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et. seq*., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act" or "Section 504"). 29 U.S.C. 794, *et seq.*

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Sumner County, Gallatin, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on September 1, 2023, and received by Plaintiff on September 1, 2023, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Veronica Coleman ("Ms. Coleman" or "Plaintiff"), is an adult female individual and citizen of the United States who resides in Hendersonville, Tennessee.

6. At all relevant times, Plaintiff was an employee of Defendant Sumner County Board of Education ("Defendant" or "SCBE") within the meaning of the ADEA, the ADA, and the Rehabilitation Act.

7. Defendant is a public employer and regularly conducts business at 695 East Main Street, Gallatin. Tennessee.

8. Defendant is a recipient of federal funds subject to Section 504 of the Rehabilitation Act.

9. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act.

10. Defendant is an employer within the meaning of the ADA, the ADEA, and the Rehabilitation Act.

## FACTUAL ALLEGATIONS

11. Ms. Coleman has worked as a Classroom Teacher Assistant employed by Defendant since 2003.

12. Ms. Coleman performed her job duties without issue and consistently received positive feedback.

13. Ms. Coleman suffers from a chronic knee injury.

14. This knee injury, in its unmitigated state, interferes with the major life activities of walking and standing.

15. Ms. Coleman's knee injury can be accommodated by allowing herself additional time to walk place to place.

16. Ms. Coleman's disability did not interfere with any of her major job duties.

17. Beginning in January 2021, Ms. Coleman's principal, John Mann, began asking Ms. Coleman about her retirement plans.

18. Mr. Mann also mentioned to Ms. Coleman in January 2021 that her position would be replaced by volunteers.

19. Further, Mr. Mann encouraged Ms. Coleman to consider retirement.

20. Mr. Mann also made comments to Ms. Coleman that he believed physical limitations related to her age would prevent Ms. Coleman from performing her job duties, despite no evidence of this.

21. In response, Ms. Coleman made an official request for accommodation to Defendant.

22. Defendant acknowledged Ms. Colemans request and asked for additional information from her medical provider.

23. Ms. Coleman provided Defendant the requested information.

24. After receiving the additional information, Defendant sent Ms. Coleman a clarifying question about her diagnosis.

25.     Ms. Coleman provided clarification via email and received an automated reply from Defendant.

26.     In Spring 2021, Mr. Mann told Ms. Coleman that he believed her position would be eliminated and replaced with parent volunteers.

27.     Mr. Mann frequently made mocking comments about older people.

28.     On one occasion, Mr. Mann told Ms. Coleman he didn't think she could keep up with the faster pace he wanted teachers and staff to operate under.

29.     In 2022, Defendant cut Ms. Coleman's hours significantly without explanation.

30.     Defendant then began issuing Ms. Coleman illegitimate job criticisms.

31.     In or around May 2022, Defendant terminated Ms. Coleman.

32.     After Ms. Coleman's termination, her position remained open and available as a paid position on Defendant's online job portal.

33.     Defendant has since filled this position by one or more paid individual significantly younger than Ms. Coleman.

34.     At the time of her termination, Plaintiff was sixty-eight (68) years old.

35.     Ms. Coleman was subjected to disparate treatment and ultimately terminated based on her age, gender, and/or disability.

36.     Any other reasons proffered by Defendant are pretext.

## COUNT I – AGE DISCRIMINATION
### (29 U.S.C. § 623(a)(1)

37.     Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

38.     Defendant discriminated against plaintiff and interfered with her rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq*.

39.     At said dates and times as set forth herein, Plaintiff was over the age of forty (40).

40. Plaintiff's supervisors treated her differently and less favorably than younger employees.

41. Plaintiff was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

42. Defendant violated the Age Discrimination in Employment Act, 29 U.S. C. § 621, *et seq.* by wrongfully discriminating against Plaintiff on the basis of her age.

43. There is a causal connection between Plaintiff's age and her discharge.

44. At all relevant times set forth herein:

    (a) Plaintiff was over forty years of age and was qualified to perform the required job duties.

    (b) Plaintiff was discharged;

    (c) Plaintiff's position was filled or replaced by a substantially younger person;

    (d) Age was the determining factor in the Defendant's decision to discriminate against the Plaintiff and to discharge Plaintiff; and

    (e) Defendant did not have a legitimate, non-discriminatory reason for discharging Plaintiff.

45. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

### COUNT II– VIOLATION OF THE ADA, 42 U.S.C. § 12101, *et seq.* (DISCRIMINATION)

46. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

47. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

48. Plaintiff was disabled in that she had physical impairment which substantially limited one or more major life activities and/or major bodily functions.

49. Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

50. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

51. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

52. Defendant was aware of Plaintiff's disabilities.

53. Defendant took adverse employment actions against Plaintiff because of her disabilities and/or perceived disabilities.

54. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

55. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### COUNT III – VIOLATION OF AMERICANS WITH DISABILTIES ACT
### (FAILURE TO ACCOMMODATE)

56. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

57. Plaintiff was disabled in that she had a chronic knee injury that substantially limited the major life activities of walking and standing.

58. Plaintiff was reasonably qualified for her position, with or without a reasonable accommodation.

59. Defendant was aware of Plaintiff's disability.

60. Plaintiff made multiple requests for reasonable accommodations to Defendant that would not have caused an undue hardship to Defendant.

61. Defendant failed to provide the necessary accommodations to Plaintiff.

62. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

63. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT IV– VIOLATION OF THE ADA, 42 U.S.C. § 12101, *et seq.* (RETALIATION)

64. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

65. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

66. Plaintiff was disabled in that she had physical impairments which substantially limited one or more major life activities and/or major bodily functions.

67. Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

68. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq.*

69. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

70. Defendant was aware of Plaintiff's disabilities.

71. Defendant took adverse employment actions against Plaintiff because of her disabilities.

72. Defendant took adverse employment actions against Plaintiff in retaliation for her requests for reasonable accommodations.

73. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

74. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### COUNT V- VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. 794, *et seq.*

75. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

76. Plaintiff was a qualified individual for her position as she had performed above expectations for nearly 20 years.

77. Plaintiff was subjected to an adverse employment action when she was discharged.

78. At the time of the adverse employment action, Defendant knew Plaintiff suffered from a disability and had requested a reasonable accommodation.

79. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

80. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) liquidated damages pursuant to the ADEA;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ _Lauren Irwin_____**
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*